# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CASE NO. 1:25-cr-00071-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| KELVIN WAYNE SIMMONS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the parties' Joint Motion for Scheduling Order [Doc. 58]; the Defense Proposed Scheduling Order for Remaining Deadlines [Doc. 63]; the Government Proposed Scheduling Order Supplement [Doc. 64]; and the Defendant's Unopposed Motion to Extend Response Date [Doc. 66].

## I.     BACKGROUND

On October 7, 2025, the Defendant Kelvin Wayne Simmons was charged in a Bill of Indictment with first-degree felony murder of an officer or employee of the United States, in violation of 18 U.S.C. §§ 1111 and 1114 (Count One); attempted carjacking resulting in death, in violation of 18 U.S.C. § 2119 (Count Two); escape, in violation of 18 U.S.C. § 751 (Count Three); attempted carjacking, in violation of 18 U.S.C. § 2119 (Count Four);

carjacking, in violation of 18 U.S.C. § 2119 (Count Five); using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Six); assaulting, resisting, and impeding an officer, in violation of 18 U.S.C. § 111(a) and (b) (Count Seven); and possessing a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Eight).  [Doc. 1].  On March 17, 2026, the Government filed a Notice of Intent to Seek the Death Penalty with respect to the offenses charged in Counts One and Two.  [Doc. 20].

On June 4, 2026, the Court held a status conference with the parties. Thereafter, the Court entered a preliminary Scheduling Order, directing the parties to provide the Court with a joint report regarding the elements of a scheduling order upon which they could agree.  [Doc. 35].  The Court further directed the parties to provide the Court with proposed deadlines for those elements of a scheduling order upon which they could not reach agreement. [Id.].

The parties filed their Joint Motion for Scheduling Order on July 16, 2026.  [Doc. 58].  Thereafter, on July 31, 2026, the parties filed their respective proposals for additional or modified deadlines for the final Scheduling Order.  [Docs. 63, 64].

On August 4, 2026, the Defendant filed the Unopposed Motion to Extend Response Date.  [Doc. 66].

## II.    STANDARD OF REVIEW

Pursuant to Rule 16.1 of the Federal Rules of Criminal Procedure, the Court may determine or modify the process, manner, and timing of pretrial disclosures in order to facilitate trial preparation.  Fed. R. Crim. P. 16.1(b).

Moreover, "[i]t has long been recognized that federal courts possess certain implied or inherent powers that 'are necessary to the exercise of all others.'" United States v. Moussaoui, 483 F.3d 220, 236 (4th Cir. 2007) (quoting United States v. Hudson, 11 U.S. (7 Cranch) 32, 34, 3 L.Ed. 259 (1812)). These inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).   Further, the Federal Rules of Criminal Procedure recognize that a district court "may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."  Fed. R. Crim. P. 57(b).

## III.    DISCUSSION

### A.    Motion to Extend Response Date

As an initial matter, the Court will address the Defendant's motion for leave to respond to the Government's Proposed Scheduling Order Supplement [Doc. 64] prior to the entry of a Scheduling Order.  [Doc. 66].

3

In the Preliminary Scheduling Order, the Court instructed the parties to file a joint recommendation on scheduling deadlines upon which they could agree and to subsequently file their respective proposals for deadlines upon which they could not agree. The Court did not set a deadline for the parties to respond to their respective proposals, as the Court did not see the necessity for additional briefing on these issues. The parties have been given an ample opportunity to present their arguments regarding the deadlines upon which they cannot agree. Accordingly, the Defendant's motion to allow for a response to the Government's Proposed Scheduling Order Supplement is denied. The Court will proceed to address the disputed deadlines without any further briefing from the parties.[1]

### B.   Proposed Additional/Modified Deadlines

### 1.   Deadlines for Mental Health Expert Testimony

The parties' Joint Motion requests a deadline of February 5, 2027, for the Defendant to file a notice of insanity defense pursuant to Fed. R. Crim. P. 12.2(a), but defers for later briefing the disclosure of notice of intent to introduce other expert evidence of mental health conditions pursuant to Fed.

---

[1] The Defendant also requests an opportunity to be heard at a status conference or hearing regarding the disputed deadlines. [Doc. 63 at 14]. Upon review of the parties' briefs, however, the Court concludes that a hearing is not necessary to resolve the issues raised therein.

R. Crim. P. 12.2(b). The Government requests that the Court impose a concurrent deadline for the notice of intent to produce both forms of mental health evidence under Rule 12.2.(a) and (b).  [Doc. 64 at 1-2].   The Defendant, on the other hand, requests a deadline for Rule 12.2(b) disclosures of January 13, 2028, which would be two months prior to the commencement of the trial.  [Doc. 63 at 1, 4-8].

Rule 12.2(b) provides as follows:

> If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must— within the time provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders.

Fed. R. Crim. P. 12.2(b).  The purpose of this pretrial notice is to ensure "that any mental examinations can be conducted without unnecessarily delaying capital sentencing proceedings."  Fed. R. Crim. P. 12.2 advisory committee's note to 2002 Amendment.

Here, the Court anticipates that the preparation and litigation of mental health evidence will likely be one of the most time consuming aspects of trial preparation for both the Defendant and the Government.  For that reason,

5

the Court concludes that the deadline for the Rule 12.2(b) notice should be concurrent with the deadline for the filing of the notice of insanity defense pursuant to Rule 12.2(a). Setting these deadlines concurrently will give the defense team a sufficient opportunity to collect mental health evidence, to identify appropriate mental health experts, and to have those experts perform the work necessary to reach their conclusions. It would also provide the Government sufficient time to prepare for the Defendant's mental health defenses, including seeking its own experts as well as the examination of the Defendant, if warranted. Accordingly, the Court will include a concurrent deadline for the notice of intent to produce both forms of mental health evidence under Fed. R. Crim. P. 12.2(a) and (b) as proposed by the Government.

### 2. Pretrial Disclosure of Proposed Mitigating Factors

The Government requests that the Court order pretrial disclosure of the Defendant's list of proposed mitigating factors. [Doc. 64 at 5-16]. The Defendant objects, arguing that neither the Federal Death Penalty Act (FDPA) nor the Federal Rules of Criminal Procedure imposes any obligation on a capital defendant to give the Government pretrial notice of his mitigating factors. At most, the Defendant contends that any such disclosure should be made at or after the return of a guilty phase verdict. [Doc. 63 at 8-14].

The Federal Death Penalty Act (FDPA) requires the Government to disclose prior to trial the aggravating factors that the Government purposes to prove at the penalty phase. 18 U.S.C. § 3593(a). There is no reciprocal duty in the statute for a defendant to disclose any mitigating factors. While such disclosure is not *required* by § 3593, it is also not *prohibited*. See United States v. Wilson, 493 F. Supp. 2d 464, 465 (E.D.N.Y. 2006). Because there is no controlling law on the issue, the Court has the discretion to require such disclosure. See id. at 465-66; United States v. Catalan Roman, 376 F. Supp. 2d 108, 115 (D.P.R. 2005); United States v. Tsarnaev, No. 13-10200-GAO, 2014 WL 4823882, at *5 (D. Mass. Sept. 24, 2014); Fed. R. Crim. P. 57(b).

The FDPA goes on to provide that "[t]he government and the defendant shall be permitted to rebut any information received at the hearing, and shall be given *fair opportunity* to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor, and as to the appropriateness in the case of imposing a sentence of death." 18 U.S.C. § 3593(c) (emphasis added). In order for the Government to have a "fair opportunity" to rebut any mitigating factors, "it is necessary that the Government have notice of the mitigating factors that [the defendant] intends to prove." Wilson, 493 F. Supp. 2d at 466; see also Tsarnaev, 2014 WL 4823882, at *5 ("The [FDPA] provides both parties a fair right of rebuttal, . . .

7

a right which would be meaningless if information is not provided sufficiently early to rebut.").

Requiring the pretrial disclosure of the Defendant's proposed mitigating factors would not violate the Defendant's constitutional rights. "[T]here is no constitutional violation by requiring a defendant to disclose mitigating information he intended to offer the jury anyway." Catalan Roman, 376 F. Supp. 2d at 117. Moreover, such disclosure would not prejudice the Defendant. As the Government itself concedes [Doc. 64 at 15], it may not in any way use the Defendant's list of mitigating factors against him in the guilt phase of the trial. Early disclosure of the mitigating factors may in fact be helpful to the Defendant, both in conducting plea negotiations and in allowing the Court to adjudicate any challenges to these factors in advance so that the Defendant has an opportunity to adjust his trial strategy in light of such rulings. See United States v. Roof, No. 2:15-472-RMG, 2016 WL 8678863, at *2 (D.S.C. Oct. 14, 2016).

For these reasons, the Court will require the Defendant to provide a list of his proposed penalty phase mitigating factors prior to the commencement of voir dire and trial.

### 3.   Pretrial Disclosure of Witness and Exhibit Lists for Penalty Phase

The Government requests that the Court order both parties to submit their witness and exhibit lists for both the guilt and penalty phases of the trial prior to the commencement of the guilt phase. [Doc. 64 at 17-18]. While the parties have agreed to provide the witness and exhibit lists for the guilt phase pretrial, the Defendant objects to the pretrial disclosure of his witness and exhibit lists for the penalty phase. [Doc. 63 at 13-14].

For the same reasons as articulated for requiring the pretrial disclosure of the Defendant's mitigating factors, the Court finds that the pretrial disclosure of the Defendant's penalty-phase witness and exhibit lists is also warranted. Pretrial disclosure of these lists will enhance the parties' readiness and will reduce the transition time to the penalty phase in the event of a guilty verdict. Such disclosure will also be necessary for jury selection. As the same jury will hear evidence during both phases, early disclosure of penalty-phase witnesses will allow the parties to identify any jurors who might know such witnesses or who otherwise could not consider the testimony of such witnesses fairly.

Accordingly, the Court will include a deadline in the Scheduling Order that requires the pretrial disclosure of the penalty phase witness and exhibit lists.

### 4. Oral Argument/Hearing Weeks

The Defendant proposes assigning dates now for oral arguments or hearings after each major step of litigation. [Doc. 63 at 2-3]. The Defendant contends that setting hearing dates will reduce the need for continuances, will assist the Court in planning and scheduling other cases on its docket, and will enable counsel to maintain their professional schedules. While the Court is appreciative of counsel's efforts to keep this litigation on track, the Court is unable to plan such a schedule so far in advance, given the uncertainties of the Court's own availability as well as what matters may need to be heard and when. The Court, however, will endeavor to give counsel ample advance notice in the event that the Court determines that any hearings need to be set. Accordingly, the Court declines to include any set dates for oral arguments or motion hearings within the Scheduling Order.

### 5. Discovery Motion Related to the Selection of the Petit Jury

Finally, the Defendant requests the inclusion of a deadline for the filing of a motion for discovery related to petit jury selection claims. As the District's current jury selection plan provides that the jury pool will not be completed until the master jury wheel is emptied and refilled, the Defendant proposes

setting a deadline for such motions within thirty (30) days of the wheel being refilled.  [Doc. 63 at 3-4].

The Court is currently in the process of drafting a new jury selection plan, which is anticipated to go into effect prior to the selection of the jury panel in this matter.  As such, the Court will hold in abeyance the Defendant's request for the deadline of the filing of any motions related to the selection of the petit jury pending the finalization and implementation of the new district plan.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion for Scheduling Order [Doc. 58] is **GRANTED**, and the Court will enter a Scheduling Order contemporaneously herewith in accordance with the terms of this Memorandum of Decision and Order.

**IT IS SO ORDERED**.

Signed: August 10, 2026

Martin Reidinger
Chief United States District Judge

11